UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiff,<br>v.<br>PERRY, *et al.*,<br>Defendants.<br>_____/ | No. C 10-03186 SBA (LB)<br><br>**ORDER SETTING BRIEFING SCHEDULE AND HEARING** |

## I. INTRODUCTION

On February 8, 2011, Plaintiff Board of Trustees of the Carpenters Pension Trust Fund for Norther California – the collective bargaining representative and trustees of employee benefits plans for employees working as dry wallers – filed a motion for default judgment against Defendant Glenn Wiley Perry (who does business as Drywall Masters and GW Perry Construction). ECF No. 23. The clerk of the court previously entered default. ECF No. 21. On February 10, 2011, the district court referred the motion for a default judgment for a report and recommendation to a magistrate judge. ECF No. 25. The docket sheet reflects that a referral to the undersigned was entered by the clerk's office on April 26, 2011. In the interim, however, Mr. Perry filed an answer *pro se*. ECF No. 26.

Given Mr. Perry's filing of his answer, and the liberal standard for setting aside entries of default (set forth below), the court directs Plaintiff to file a statement by May 9, 2011 about whether it

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

intends to pursue its motion for default judgment or whether it withdraws the motion. If Plaintiff does not withdraw its motion, the court sets the following briefing and hearing schedule: Defendant's opposition (if any) to motion for default judgment due May 19, 2011; Plaintiff's optional reply due May 26, 2011; and hearing on June 2, 2011 at 11:00 a.m.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default would prejudice plaintiff. *See id.* (citing *Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning, the court may deny the request to vacate default if any of the three factors is true. *See id.* (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, '[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

The standard is the same standard used to determine whether a default judgment should be set aside under Federal Rule of Civil Procedure 60(b), except that in the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally to grant relief from entry of judgment because there is no interest in the finality of the judgment. *See id.* at 1091 n.1 (citations omitted); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v. Wight Vineyard Mgmt*, 783 F.2d 941, 945 (9th Cir. 1986). When considering whether to vacate a default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513.

As the party seeking to set aside entry of default, a defendant bears the burden of showing good cause under this test. *Id.* To ensure that cases are decided on the merits whenever possible, the

ORDER SETTING BRIEFING SCHEDULE AND HEARING
C 10-03186 SBA (LB)                                  2

court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

## III. DISCUSSION

In the next sections, the court addresses the legal standards for the three factors at issue here: (A) Defendant's culpability; (B) any meritorious defense; and (C) prejudice to Plaintiff.

### A. Defendant's Culpability

"'A defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and *intentionally* failed to answer.'" *Mesle,* at 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). "Intentionally" means that a movant is not culpable merely for making a conscious choice not to answer. *Id.* (quoting *TCI Group*, 244 F.3d at 697). Instead, to treat a failure to answer as culpable, the movant must act with bad faith, such as with "'an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* (*quoting TCI Group*, 244 F.3d at 697). For that reason, the Ninth Circuit has "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Id.* (quoting *TCI Group*, 244 F.3d at 698). By contrast, a defendant's mere negligent failure to file an answer is insufficient to establish culpability under this factor. *TCI Group*, 244 F.3d at 697.

Here, Mr. Perry filed his answer *pro se*. That and the content of his answer does not suggest his previous failure to respond was devious, deliberate, wilful, or done in bad faith, which is what is needed to establish culpability under this factor. *See Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). Also, the answer was filed a little over three weeks after entry of default, which arguably refutes any suggestion that Defendant was unreasonably delaying relief. Plaintiff may have a hard time showing that Defendant's conduct was culpable under this factor, which may militate in favor of Plaintiff's withdrawing its motion. *See id.* at 1094.

### B. Meritorious Defense

Under the second factor, a defendant seeking to vacate entry of default must allege specific facts that, if true, that would constitute a defense. *See id.*(citing *TCI Group*, 244 F.3d at 700). The

burden on the defendant is "not extraordinarily heavy." *Id*. (citing *TCI Group*, 244 F.3d at 700). That being said, a mere general denial without facts to support it is insufficient to justify vacating an entry of default. *Franchise Holdings II*, 375 F.3d at 926.

It is difficult to evaluate the merits of the claims here, but there is a dispute about the material facts. The answer suggests that Mr. Perry has now provided documents to Plaintiff to review the issue about the contributions due. *See* ECF No. 26 at 3. For this reason, Mr. Perry asked for a 90 days' continuance of the case management conference for the parties to confer about resolving the action. *Id.* The meet-and-confer process provides the parties an opportunity to address resolution of the case short of a contested motion to set aside the entry of default.

## C. Prejudice to Plaintiff

The final factor examines whether setting aside the default prejudices the Plaintiff. Prejudice is more than "simply delaying the resolution of a case. Instead, the standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *TCI Group*, 244 F.3d at 701 (internal quotations omitted). "[T]he delay must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. By contrast, merely requiring a plaintiff to litigate the merits of a case is not prejudice under this third prong. *Id*. As the Ninth Circuit explains, "A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id*.

Based on the record here, Plaintiff may have a hard time establishing that the brief delay here caused the Plaintiff any prejudice.

## IV. CONCLUSION

The parties are directed to comply with the filing and hearing schedule set forth in the first section of this order.

**IT IS SO ORDERED.**

Dated: April 27, 2011

_____
LAUREL BEELER
United States Magistrate Judge